UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>MIGUEL FARIAS,<br><br>  Defendant. | Case No. 1:24-cr-00249-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Miguel Farias's Motion to Dismiss Indictment. Dkt. 28. For reasons explained below, the Government did not respond. The Court does not find oral argument necessary in this situation and will forego the same. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

The facts of this case are straightforward. Farias allegedly sold firearms to a confidential informant on March 5, 2024. Dkt. 28, at 6–7; Dkt. 29. Because Farias had a prior felony conviction for assault in the state of Idaho, he was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

### B. PROCEDURAL BACKGROUND

On May 9, 2024, a three-judge panel of the Ninth Circuit issued its decision in

*United States v. Duarte*, holding that 18 U.S.C. § 922(g)(1) was unconstitutional unless a defendant's prior felony offense was "distinctly similar" to a Founding-era analogue associated with severe punishment (such as execution, life imprisonment, or estate forfeiture) tantamount to a lifetime deprivation of Second Amendment rights. 101 F.4th 657, 689 (9th Cir. 2024). Five days later, the government filed a petition for rehearing en banc. The Ninth Circuit eventually granted the request.

On February 7, 2025, Farias filed a Motion to Dismiss Indictment. Dkt. 28. The Court then stayed Farias's motion pending the Ninth Circuit's decision. Dkts. 32, 41.

On May 9, 2025, the Ninth Circuit en banc panel issued its decision holding that 18 U.S.C. § 922(g)(1) is "not unconstitutional as applied to non-violent felons . . . ." *United States v. Duarte*, ___ F.4th ___, 2025 WL 1352411, *3 (9th Cir. May 9, 2025) (en banc).

Considering this holding, the Court indicated its intent to deny Farias's Motion to Dismiss Indictment but provided the Parties an opportunity to put anything on the record. Dkt. 42. Farias filed a supplement to his original Motion. Dkt. 43. Therein, Farias acknowledges his Motion is foreclosed by the Ninth Circuit's decision, but explains he is preserving the issue. Dkt. 43. The Government elected not to file anything in response. The matter is now ripe for review.

### III. ANALYSYS

As Farias aptly recognizes, the Ninth Circuit's holding in *Duarte* dooms his Motion. Joining the Fourth, Eighth, Tenth, and Eleventh Circuits, the Ninth Circuit has determined

that § 922(g)(1) is constitutional—even as applied to non-violent felons.[1]

The Court notes it previously addressed this topic and likewise found § 922(g)(1) was constitutional. In *United States v. Villalobos,* the Court undertook a lengthy and thorough analysis of the constitutionality of § 922(g)(1) as required by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). 2023 WL 3044770, at *2–*11 (D. Idaho Apr. 21, 2023).

The only material difference between the Court's conclusions in *Villalobos* and the Ninth Circuit's decision in *Duarte* is that the Circuit held that felons are part of "the people" protected by the Second Amendment. 2025 WL 1352411, at *8 ("[W]e hold that Duarte's status as a felon does not remove him from the ambit of the Second Amendment; he is one of 'the people' who enjoys Second Amendment rights.").[2]

There are, of course, other differences and nuances between the Ninth Circuit's decision in *Duarte* and the Court's decision in *Villalobos*. But the Court's purpose in mentioning its prior decision is simply to illustrate that, with the one exception mentioned, its prior analysis and reasoning is sound. The caselaw and application of § 922(g)(1) has remained consistent in Idaho and will continue in that manner moving forward.

The Court fully agrees with the Ninth Circuit's holding in *Duarte*: § 922(g)(1) meets the test outlined in *Bruen,* is consistent with this Nation's historical tradition of firearm

---

[1] The Third Circuit has held that § 922(g)(1) is unconstitutional as applied to a felon who was convicted of making a false statement to secure food stamps. *See Range v. Att'y Gen.*, 124 F.4th 218, 222–23 (3d Cir. 2024) (en banc). It is the sole Circuit to find §922(g)(1) unconstitutional in some respect.

[2] And while the instant Court held Villalobos (and other felons) were not part of "the people" under *Bruen's* first step, because the question was "no unsettled and divisive," the Court, nevertheless, went on to *Bruen's* second step and explained why § 922(g)(1) was constitutional. *Villalobos*, 2023 WL 3044770, at *6.

regulations, and is constitutional. And, because a "felony-by-felony" comparison is not required, the application of § 922(g)(1) is constitutional as to "all felons." *Duarte*, 2025 WL 1352411, at *14.

For these reasons, the Court must deny Farias's Motion.

## IV. ORDER

1. Faris's Motion to Dismiss Indictment (Dkt. 28) is DENIED.

DATED: June 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4